CV 11 1200

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
MICHAEL LEONE on behalf of himself
and all others similarly situated

                        Plaintiff,

        -against-

SRA ASSOCIATES, INC.

                      Defendant.
--------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 1 4 2011 ★

LONG ISLAND OFFICE

HURLEY, J.

BOYLE, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Michael Leone seeks redress for the illegal practices of SRA Associates, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4.    Upon information and belief, defendant is a New Jersey corporation with a principal place of business located in Hi Nella, New Jersey.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and telephonic contact was directed into this district.

### Allegations Particular to Michael Leone

9.    On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10.   Upon information and belief, on or about January 8, 2011, the defendant left a message for the plaintiff.

11.   Upon information and belief, said communication was the first communication from the defendant.

12.   Since the leaving of that message and prior thereto, the defendant did not send or cause to be sent, and the plaintiff did not receive a letter from the defendant.

13.   Within five days of the initial communication, the defendant is obligated to send the plaintiff his rights to dispute the debt and seek verification thereof.

14.   The defendant failed to send such written communication.

15.    The said practices of the within defendant are in violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692g and 1692e(10) for failing to provide

the dispute and verification rights and for engaging in deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

16.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs

1-15 as if set forth fully in this Cause of Action.

17.    This cause of action is brought on behalf of plaintiff and the members of a class.

18.    The Class consists of consumers who received the same form letter, as did the

plaintiff.

19.    The Class consists of all persons whom Defendant's records reflect resided in

the State of New York and who were left an initial telephonic message without having

received the 1692g rights within five days of the said communication (a) from the

defendant similar to the message left for plaintiff on or about January 8, 2011 concerning

a persona debt; (b) the collection letter was sent to a consumer seeking payment of a

personal debt; and (c) the collection letter was not returned by the postal service as

undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692g and

1692e(10).

20.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the fact that the lack of the sending of a collection letter is at the heart of

this litigation, the class is so numerous that joinder of all members is

impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

21.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23.    Telephonic messages without having received 1692g rights are to be

evaluated by the objective standard of the hypothetical "least sophisticated

consumer."

### *Violations of the Fair Debt Collection Practices Act*

24.    The defendant's actions violate the Fair Debt Collection Practices Act.

25.    Because the defendant violated of the Fair Debt Collection Practices Act, the

plaintiff and the members of the class are entitled to damages in accordance with the

Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on

behalf of the members of the class, and against the defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing

this action; and

(c)    Any other relief that this Court deems appropriate and just under

the circumstances.

Dated: Cedarhurst, New York
          March 11, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)